IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FAWZIA SAMADI,

    Plaintiff,

v.                                                                                    No. 13-cv-0275 SMV

CAROLYN W. COLVIN,
Acting Comm'r of SSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 14] ("Motion"), filed on October 21, 2013. The Commissioner responded on December 27, 2013. [Doc. 15]. Plaintiff replied on January 9, 2014. [Doc. 16]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 22]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") erred in formulating Plaintiff's residual functional capacity ("RFC") by failing to account for her difficulties with concentration. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## I. Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

## II.     Procedural Background

Plaintiff applied for supplemental security income on November 27, 2007. Tr. 46. She subsequently applied for a period of disability and disability insurance benefits on February 4, 2008. *Id.* Plaintiff alleged a disability-onset date of October 20, 2005. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ann Farris held a hearing on December 7, 2009, in Albuquerque, New Mexico. *Id.* Plaintiff appeared in person with her attorney, Michael Armstrong. Tr. 9, 46. The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Cornelius J. Ford, who appeared by telephone. Tr. 32–36, 46.

The ALJ issued her unfavorable decision on March 12, 2010. Tr. 46–59. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, October 20, 2005. Tr. 48. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: degenerative disc disease of L4–5 and L5–S1 and dysthymia. Tr. 48–50. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 50–51.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 51–54.

> [Plaintiff has] the [RFC] to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except [she] can only stoop to sit, must alternate between sitting and standing approximately every 15 to 20 minutes[,] and can lift less than five pounds frequently. She cannot climb[,] balance, kneel, crouch[,] or crawl. Further, [Plaintiff] can perform work consisting of

>       simple routine tasks in work requiring little judgment to perform
>       simple duties that can be learned in a short period.

Tr. 51–52.

At step four, the ALJ found that Plaintiff could not return to any of her past relevant work. Tr. 54. Accordingly, the ALJ proceeded to step five. Relying on the testimony of the VE, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was able to perform the duties of buckler and lacer, label cutter, and lens inserter. Tr. 54–55. Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and she denied the claims. *Id.* The Appeals Council denied Plaintiff's request for review on October 19, 2011. Tr. 60−62. However, it agreed to two extensions of time for Plaintiff to file a civil action in federal court, Tr. 1, 5,[3] and Plaintiff timely filed the instant action on March 22, 2013. [Doc. 1].

### III.   Analysis

The ALJ erred in formulating Plaintiff's RFC because the RFC failed to account for Plaintiff's difficulties with concentration. Although Plaintiff alleges other errors, the Court need not reach them. The other errors may be rendered moot by reconsideration of Plaintiff's RFC.

#### A.   The ALJ erred in formulating the RFC.

Plaintiff argues that the ALJ erred in formulating her RFC by failing to appropriately consider her difficulties with concentration. [Doc. 14] at 17. The ALJ limited Plaintiff to

---

[3] Apparently, neither Plaintiff nor her attorney received notice of the Appeals Council's October 19, 2011 action. Tr. 8. It was not until Plaintiff's counsel inquired about the status of the case on January 10, 2013, that he learned that review had been denied some fifteen months earlier. *Id.* The Appeals Council granted Plaintiff extensions of time on January 14, 2013, and March 18, 2013, to file a civil action. Tr. 1, 5.

"simple routine tasks in work requiring little judgment to perform simple duties that can be learned in a short period." Tr. 52. However, Plaintiff urges that this limitation does not account for her difficulties with *concentration*. [Doc. 14] at 17 (citing *Chapo v. Astrue*, 682 F.3d 1285, 1291–92 (10th Cir. 2012)). The Commissioner responds that to the extent the record supports a limitation in concentration at all, the RFC adequately accounted for it. [Doc. 15] at 4–6. Plaintiff replies that mental functioning (such as the ability to concentrate) does not necessarily relate to skill level (such as "simple"). [Doc. 16] at 1–2 (citing Social Security Ruling ("SSR") 85-15). Plaintiff is correct.

A limitation to "simple work" or "unskilled jobs" is generally insufficient to address a claimant's mental impairments. *Chapo*, 682 F.3d at 1290 n.3 (collecting cases); *Wayland v. Chater*, Nos. 95-7029, 95-7059, 1996 U.S. App. LEXIS 1851, 1996 WL 50459, at *2 (10th Cir. Feb. 7, 1996) (unpublished) ("[T]he tacit premise in the ALJ's analysis, i.e., that a cognitive or emotional impairment may be functionally equated with the lack of a skill, as that term is employed in the Secretary's regulations, is wrong. Numerous authorities illustrate the basic point that intact mental aptitudes are not skills, but, rather, general prerequisites for most work at any skill level."). Here, the ALJ limited Plaintiff to "work consisting of simple routine tasks in work requiring little judgment to perform simple duties that can be learned in a short period." Tr. 52. As Plaintiff correctly points out, [Doc. 16] at 1–2, this limitation is really just a restatement of the definition of "unskilled work."

> (a) *Unskilled work.* Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if

> the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed. A person does not gain work skills by doing unskilled jobs.

20 C.F.R. §§ 404.1568(a); 416.968(a). The RFC does not adequately account for Plaintiff's difficulties with *concentration* by limiting her to unskilled work. *See Chapo*, 682 F.3d at 1290 n.3.

Furthermore, the Court rejects the Commissioner's implicit argument that the record does not support a limitation in Plaintiff's ability to concentrate. *See* [Doc. 15] at 5–6. The ALJ herself found that Plaintiff had "moderate difficulties" with concentration, persistence, or pace. Tr. 51. Considering this express finding, the RFC's limitation to unskilled work is inadequate. *See Wiederholt v. Barnhart*, No. 03-3251, 121 F. App'x 833, 839 (10th Cir. Feb. 8, 2005) (unpublished) (holding that merely limiting a plaintiff to "simple, unskilled job tasks" in the RFC does not adequately incorporate a finding of "moderate difficulties in maintaining concentration, persistence, or pace.").

The Court finds that the ALJ erred in formulating the RFC without any limitation in Plaintiff's concentration, persistence, or pace. Remand is required to correct this error.

Finally, Plaintiff argues that the ALJ committed several additional errors. However, proper assessment of the RFC may affect the other alleged errors. Therefore, the Court declines to address these alleged errors at this time.[4]

---

[4] For example, Plaintiff challenges the ALJ's credibility assessment. [Doc. 14] at 21–23. However, the credibility assessment hinges on the RFC. *See* Tr. 53 (finding Plaintiff credible only to the extent that her symptoms were consistent with the RFC assessment). Similarly, challenged testimony of the VE also hinges on the RFC. *See*

## IV.     Conclusion

The Court will reverse the ALJ's decision and remand the case to allow the Commissioner to revisit how Plaintiff's difficulties with concentration are reflected in the RFC. On remand, the other alleged errors may be affected by proper assessment of Plaintiff's RFC, and therefore, the Court need not reach those alleged errors.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[Doc. 14] at 19–21.  Considering that these other errors alleged by Plaintiff are predicated on the RFC, and considering that the RFC will be addressed on remand, the Court need not address these alleged errors.